UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.      -CIV-

EDWARD FERNANDEZ,

    Plaintiff,

v.

XCEL ENERGY, INC. and FIRST ADVANTAGE
BACKGROUND SERVICES CORP.,

    Defendant,
_____/

## COMPLAINT

COMES NOW, Plaintiff, EDWARD FERNANDEZ (hereinafter "Fernandez"), by and through his undersigned counsel, and hereby files this complaint against Defendant, XCEL ENERGY, INC. (hereinafter "Xcel Energy") and Defendant, FIRST ADVANTAGE BACKGROUND SERVICES CORP. (hereinafter "First Advantage"), stating as follows:

### PARTIES

1. Plaintiff, EDWARD FERNANDEZ, is an adult individual residing in Miami-Dade County, Florida, within the jurisdiction of this Court.

2. Defendant, XCEL ENERGY, INC., upon information and belief, is an energy corporation with its principle place of business located in Minneapolis, Minnesota.

3. Defendant, FIRST ADVANTAGE BACKGROUND SERVICES CORP., is a consumer reporting agency that regularly conducts business in the Southern District of Florida with its principle place of business located in Atlanta, Georgia.

4. At all times material herein, Fernandez was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

1

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over this suit pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C §§ 1681 *et seq.*, as amended.

6. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and because Defendants are subject to personal jurisdiction in this district.

## STATEMENT OF FACTS

7. On or about September 12, 2016, Fernandez applied for a single job with Xcel Energy, Dell and Signature to support IT security initiatives for Xcel Energy.

8. As part of the application process, Xcel Energy, Dell, and Signature required that Fernandez submit to a background check.

9. In order to enable Excel Energy, Dell, and Signature to run the check, Fernandez provided his date of birth.

10. Xcel Energy procured a background check on Fernandez from consumer reporting agency First Advantage.

11. The background check reported from Dell and Signature was accurate, however, Xcel Energy conducted an inaccurate report.

12. First Advantage's report was grossly inaccurate, and erroneously reported that Fernandez had a criminal record.

13. First Advantage failed to maintain reasonable procedures, such as consulting actual court records, and monitoring its reports to ensure that names and dates of birth match, when preparing Fernandez's report.

14. The background check reported a criminal record, which appeared that an "Edward Fernandez Jr." was arrested for armed robbery and carjacking on or about 2005 and later served a jail sentence in 2006.

15. In reality, all of the convictions belong to an individual with the same name, except the "Jr." and with a date of birth of December 3, 1982, while Fernandez was born on December 23, 1982.

16. On or about October 4, 2016, Fernandez received an email from Xcel Energy who denied him employment due to the criminal record reported on background check supplied by First Advantage.

17. Fernandez was denied employment at the same time Xcel Energy provided him the report. Xcel Energy took adverse action based on the report's contents.

18. Fernandez was informed that he was denied employment at the same time he received the report.

19. Plaintiff disputed the convictions on his report to First Advantage. First Advantage, however, did not reasonably reinvestigate Plaintiff's dispute.

20. Despite Plaintiff's dispute, First Advantage failed to consult actual court records and failed to review Plaintiff's report to ensure that names and dates of birth matched when conducting its reinvestigation.

21. First Advantage refused to correct Plaintiff's report and stated that the findings were correct and shall stand.

22. Due to the inaccurate findings made by First Advantage, Plaintiff was denied employment from Dell and Signature as well.

23. As of result of Defendant's conduct, Plaintiff was unable to pay his rent to his home in Texas, which is now in foreclosure. Plaintiff was without a job for four (4) months and suffered actual damages in the form of lost income, harm to reputation, and emotional distress, including embarrassment and humiliation.

**COUNT I – 15 U.S.C. § 1681b(b)(3)(A)**

**Failure to Provide Pre-Adverse Action Notice**

**(Against Xcel Energy)**

24. Plaintiff re-alleges and reaffirms the allegations contained in the above paragraphs 1 through 23, as if fully set forth herein.

25. Defendant, Xcel Energy violated section 1681b(b)(3)(A) of the FCRA in that it denied employment to Fernandez on the basis of a background check supplied by First Advantage, all without honoring Fernandez's Pre-Adverse Action Rights.

26. By denial of employment, defendant, Xcel Energy took adverse action against Fernandez, which adversely affected Fernandez for employment purposes.

27. Prior thereto, Xcel Energy did not provide Fernandez a copy of the background check supplied by First Advantage, and did not provide to Plaintiff written notice of his rights under the FCRA, all in violation of section 1681b(b)(3)(A) of the FCRA.

**WHEREFORE**, Plaintiff, EDWARD FERNANDEZ, respectfully requests this Honorable Court enter judgment in favor of Plaintiff, and award actual damages and/or statutory damages, punitive damages, costs, and attorney's fees from First Advantage and Xcel Energy in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II – 15 U.S.C. § 1681e
### Failure to Follow Reasonable Procedures
### (Against First Advantage)

28. Plaintiff re-alleges and reaffirms the allegations contained in the above paragraphs 1 through 23, as if fully set forth herein.

29. First Advantage violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding Fernandez.

**WHEREFORE**, Plaintiff, EDWARD FERNANDEZ, respectfully requests this Honorable Court enter judgment in favor of Plaintiff, and award actual damages and/or statutory damages, punitive damages, costs, and attorney's fees from First Advantage and Xcel Energy in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III – 15 U.S.C. § 1681i
### Failure to Perform a Reasonable Reinvestigation
### (Against First Advantage)

30. Plaintiff re-alleges and reaffirms the allegations contained in the above paragraphs 1 through 23, as if fully set forth herein.

31. Upon receiving a dispute from Fernandez, First Advantage negligently and willfully failed to perform a reasonable reinvestigation of First Advantage's erroneous report in violation of 15 U.S.C. § 1681i.

**WHEREFORE**, Plaintiff, EDWARD FERNANDEZ, respectfully requests this Honorable Court enter judgment in favor of Plaintiff, and award actual damages and/or statutory damages, punitive damages, costs, and attorney's fees from First Advantage and Xcel Energy in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT IV – 15 U.S.C. § 1681k

## Violation of the Fair Credit Reporting Act

### (Against First Advantage)

32. Plaintiff re-alleges and reaffirms the allegations contained in the above paragraphs 1 through 23, as if fully set forth herein.

33. Defendant, First Advantage failed to utilize procedures designed to assure maximum possible accuracy of the adverse information sold to prospective employers.

34. Defendant, First Advantage failed to maintain strict procedures to assure that the information provided to employers is complete and up-to-date.

35. At all times relevant herein, First Advantage knew or should have known that its policies and procedures were inadequate to protect the public and did not comply with the requirements of the FCRA.

36. First Advantage failed to timely provide the required FCRA notices to Fernandez.

37. In the alternative, First Advantage was negligent, entitling Fernandez to recover his actual damages, litigation costs and attorneys' fees under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff, EDWARD FERNANDEZ, respectfully requests this Honorable Court enter judgment in favor of Plaintiff, and award actual damages and/or statutory damages, punitive damages, costs, and attorney's fees from First Advantage and Xcel Energy in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

Date: October 14, 2017

Respectfully submitted,

**GALLARDO LAW OFFICE, P.A.**
*Attorneys for the Plaintiff*
8492 SW 8th Street
Miami, Florida 33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: /s/ Elvis J. Adan
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com